IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Eric Lance Sabot, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, et. al., | ) | Case No. 1:17-cv-069 |
| | ) | |
| Defendants. | ) | |

Eric Lance Sabot ("Sabot") is an inmate at the North Dakota State Penitentiary. He initiated the above-entitled action *pro se* and *in forma pauperis*. At the court's direction he filed additional material in an effort to show cause why the action should not be dismissed. Having now reviewed all of Sabot's submissions to date, the court dismisses this action without prejudice for the reasons set forth below.

I. **BACKGROUND**

Sabot was convicted in state district court of the offense of terrorizing, a Class C felony, and sentenced on February 17, 2017, to a term of imprisonment of five years with two years suspended. He filed a direct appeal, which the North Dakota Supreme Court denied on December 7, 2017. State v. Sabot, 2017 ND 289. While his appeal to the North Dakota Supreme Court was still pending, he initiated the instant action with the submission of a Complaint in which he accused the state and local officials of conspiring to steal his handgun. (Doc. No. 5). In his prayer for relief he demanded dismissal of his state charges, the restoration of his firearm privileges, the return of his handgun, and the criminal prosecution of everyone who had conspired against him. (Id.).

The undersigned conducted an initial review of Sabot's complaint as mandated by 28 U.S.C.

1

§ 1915A. It thereafter issued an order directing Sabot to either show case why the above-entitled action should not be dismissed as Heck-barred or to file an Amended Complaint by January 22, 2018. (Doc. No. 9).[1]

On January 5, 2018, Sabot filed what the court construes as his response to the order to show cause. (Doc. No. 11). Therein he reiterated his claim that defendants had conspired to steal his handgun and further asserted that he had been defamed by local law enforcement officers insofar as they had referred to him as convicted felon in reports. (Id.). Along with his response, he submitted 252 pages of documents from which the court was able to glean the following about the events forming the basis for his claim(s) against defendants. (Doc. No. 11).

Sabot contacted the Bismarck Police Department multiple times to report that his handgun had been stolen. (Doc. No. 11-1 at p. 16). He subsequently filed a complaint with the Bismarck Police Department, asserting that a Bismarck Police officer had intentionally misrepresented him as a convicted felon in a police report and that his reports to police regarding the theft of his handgun had been ignored. (Id. at pp. 73-74). Chief of Police Dan Donlin issued the following response to Sabot in correspondence dated January 26, 2016:

> 1) Officer Luke Senger "lied" by putting in his police report that you are a felon.
>
> In looking through the court records there are two times where you are charged with a felony. Once in 2008 where you were charged with a felony Aggravated Assault and one in 2014 where you were charged with felony Terrorizing. In both instances you eventually plead guilty to a misdemeanor level charge.
>
> Officer Senger writes in the last sentence of a police report you filed, "I have also attached Eric's criminal history which shows he was convicted of a felony in 2014." Although this statement is inaccurate I do not find that Officer Senger intentionally "lied" about it as you state. Officer Senger simply misread the court documents in

---

[1] It further explained that the authority to reinstate firearm privileges rested with the state district courts. (Doc. No. 9).

2

the area where it was showing felony activity. Officer Senger acted in good faith with the information, but did not, with intent, lie. The fact that this misstatement is in a police report had no bearing on the case or on the decision from the State's Attorney's Office, which was that your reported theft was actually a civil matter between you and your father. I have instructed Lt. Ternes to ensure that Officer Senger adds a supplement to your report correcting the statement that is in error. Other than this being a misinterpretation of a court record, you have not been wronged and this error has no bearing on your main issue, which brings me to your next point of contention.

2) You claim your father "stole your handgun and should be charged with Theft of Property."

You claim your father "stole" your handgun and refuses to return it to you. Your father advised you gave him your handgun as partial payment for your lawyer fees. Your father states you owe him over $6,000 of lawyer fees and that were not paying him back. Your father went on to say you gave him the handgun one month as a payment.

So, we have you saying one thing and your father saying another thing. With this information the Burleigh County States Attorney's Office was consulted and they advised that this was a "civil" matter, to be decided in a "civil" court, not a criminal court. You have every right to file paperwork in Small Claims Court to try and get the handgun from your father. The police cannot prove one way or another whether your version or your father's version is the true story, so that's what the "civil" court is there for.

(Id. at p. 74).

Sabot thereafter filed an action against his father in small claims court, seeking to recover the handgun he claimed his father had stolen from him. (Doc. No. 11-1, p 88). Sabot's father counterclaimed. (Id. at p. 90). Judicial Officer Wayne Goter convened a hearing on September 25, 2015. (Id. at pp. 91). Finding in favor of Sabot's father, he dismissed Sabot's claim and entered judgment against Sabot. (Id.). He soon thereafter issued a disorderly conduct restraining order against Sabot on motion by Sabot's father. (Id. at p. 92).

On June 6, 2016, Sabot filed a second action against his father in small claims court, this time asserting that his father, the Bismarck Police Department, and the Burleigh County State's

3

Attorney had conspired to steal his handgun. (Id. at p. 94). Judicial Officer Pam Nesvig summarily dismissed the action on July 7, 2016. (Id. at p. 96).

## II. DISCUSSION

First, as explained in its order to show cause, this court finds that Sabot's claims are Heck-barred insofar as success on the merits would call into question the validity of his conviction and sentence in state district court for terrorizing. Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Roberts v. Champion, 255 F. Supp.2d 1272, 1283 (N.D. Okla. 2003) ("If a judgment in a § 1983 action would necessarily imply the invalidity of the prisoner's punishment, the § 1983 action must be dismissed unless the prisoner can demonstrate that the punishment has previously been invalidated.").

Second, insofar as Sabot appears to be asserting that local law enforcement officers, the States Attorney, and Judicial Officer Wayne Goter were in cahoots with Sabot's father, conspired to steal his handgun, and thereafter concocted the terrorizing charges against him to cover all of this up, the court finds his claims to be fantastic, delusional, and otherwise frivolous on their face.

Third, insofar as Sabot is claiming to have been defamed, the court simply notes that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation, or libel. Paul v. Davis, 424 U.S. 693 (1976); see also Von Stein v. Brescher, 904 F.2d 572 (11th Cir. 1990).

Finally, the court notes that Sabot has no constitutional or other right to a criminal investigation. Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Koger v. Florida, 130 Fed. App'x. 327, 335, 2005 WL 1027204, *6 (11th Cir. 2005); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another"); Dohaish v. Tooley, 670 F.2d 934, 935 (10 th Cir. 1982); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").

### III. CONCLUSION

For the reasons, set forth above, the above-entitled action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2018.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court